# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| RANJIT SINGH, on behalf of himself and all others similarly situated, § § § | |
| Plaintiffs, § § | |
| v. § | Case No. 2:14-cv-894-JRG-RSP |
| § | LEAD CASE |
| 21 VIANET GROUP, INC., SHENG CHEN, AND SHANG-WEN HSIAO, § § § | |
| Defendants. § § | |

## MEMORANDUM ORDER

Pending before the Court is Plaintiff Emily Wu's Motion for Consolidation of Related Cases, Appointment as Lead Plaintiff, and Approval of Lead Counsel. (Doc. No. 12.) Plaintiff Hyoung Wan Noh does not oppose Ms. Wu's motion. (Doc. No. 14 at 1.) The Court finds that Ms. Wu should be named lead plaintiff and Glancy Binkow & Goldberg LLP should be named lead counsel. Ms. Wu has the largest financial interest in the relief sought by the class, and she meets the typicality and adequacy requirements of Rule 23 of the Federal Rules of Civil Procedure.

## BACKGROUND

In a report released on September 10, 2014, a market research firm accused Defendant 21Vianet Group, Inc. ("Vianet") of making public misstatements about Vianet's performance. (Doc. No. 1 ¶¶ 35–36, 22, 25–29, 31, 32.) Over the next few days the value of Vianet's American Depository Shares (ADS) fell. (Doc. No. 1 ¶¶ 37–38.) This suit arises as a result of these events. Plaintiffs allege that they were harmed because they purchased Vianet shares by

"relying on the integrity of the market price of [Vianet] securities and market information relating to [Vianet]." (Doc. No. 1 ¶¶ 1, 45.)

## APPLICABLE LAW

The Private Securities Litigation Reform Act of 1995 ("PSLRA") requires that within twenty days after filing the class action, "the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class: (1) of the pendency of the action, the claims asserted therein, and the purported class period; and (2) that, not later than [sixty] days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." 15 U.S.C. § 78u-4(a)(3)(A)(i). After deciding any pending motion to consolidate the related actions, the Court shall consider any motion made by a purported class member to serve as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(B).

The PSLRA provides a two-step process for appointing lead plaintiff: the Court first identifies the presumptive lead plaintiff and then determines whether any member of the prospective class has rebutted that presumption. 15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Cendant Corp. Litig.*, 264 F.3d 201, 262 (3d Cir. 2001). The presumptive lead plaintiff has: (1) either filed the complaint or made a motion in response to a notice; (2) the largest financial interest in the relief sought by the class; and (3) otherwise satisfied the requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption can be rebutted when a class member offers proof that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class" or is "subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

## I. LEAD PLAINTIFF

The parties do not dispute that Ms. Wu has the "largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The Court must determine whether Ms. Wu has *prima facie* evidence that she meets the typicality and adequacy requirements of Rule 23. *See Cendant*, 264 F.3d at 263 ("The initial inquiry . . . should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy.")

When naming a lead plaintiff, a court considers only typicality and adequacy. *Cendant*, 264 F.3d at 263; *Buettgen v. Harless, et al.*, 263 F.R.D. 378, 380 (N.D. Tex. 2009). A plaintiff meets the typicality requirement when her legal claim has the same essential characteristics as those of the other proposed class members. *Stirman v. Exxon Corp.*, 280 F.3d 554, 562 (5th Cir. 2002); *In re Enron Corp. Sec. Litig.*, 206 F.R.D. 427, 441 (S.D. Tex. 2002). A plaintiff meets the adequacy requirement when she can "fairly and adequately protect" the proposed class, and her interests do not conflict with those of the other proposed class members. *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 625 (5th Cir. 1999); *Enron*, 206 F.R.D. at 441.

The evidence shows that Ms. Wu traded Vianet shares with an eye on market volatility and not on market price. For example, on September 9, 2014, Ms. Wu bought and sold Vianet shares sixty times in one day. (Doc. No. 12-4 at 1.) The Court normally finds such a plaintiff to be one who does not possess "the same essential characteristics as those of the other class members." A plaintiff who engages in volume trading often has a claim that does not "arise from the same event or **course of conduct** that gives rise to claims of other class members . . . ." *Enron*, 206 F.R.D. at 441 (emphasis added); 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(bb) (stating the presumption can be rebutted when the plaintiff "is subject to unique defenses that render such plaintiff incapable of adequately representing the class"); *see also Halliburton Co. v. Erica P.*

*John Fund, Inc.*, 134 S. Ct. 2398, 2417 (2014) ("Defendants may seek to defeat the *Basic* presumption [of an efficient market] at that [class certification] stage through direct as well as indirect price impact evidence."). In this case, however, Ms. Wu's conduct appears typical of the class. Mr. Noh, the only competing lead plaintiff, bought over $95,000 of Vianet shares and sold over $65,000 of Vianet shares on the same day. (Doc. No. 10-5 at 1.)

There is no serious dispute that Ms. Wu can "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). She suffered a $63,640.87 loss on September 9, 2014 (Doc. No. 12-4 at 1), she has no apparent conflicts of interest with the other class members, and she has retained competent counsel to represent the class' interests. *See Enron*, 206 F.R.D. at 441 ("Thus the court must examine '[1] the zeal and competence of the representative[s'] counsel and . . . [2] the willingness and ability of the representative[s] to take an active role in and control the litigation and to protect the interests of the absentees[.]'") (quoting *Berger v. Compaq Computer Corp.*, 257 F.3d 475, 479, 482 (5th Cir. 2001)).

## II. LEAD COUNSEL

Ms. Wu has selected Glancy Binkow & Goldberg LLP as lead counsel and Abraham, Watkins, Nichols, Sorrels, Agosto & Friend as liaison counsel. The Court has reviewed the resume of Glancy Binkow & Goldberg LLP and is satisfied that it can adequately represent the class in this action.

### CONCLUSION

The Court **GRANTS** Emily Wu's Motion for Consolidation of Related Cases, Appointment as Lead Plaintiff, and Approval of Lead Counsel. (Doc. No. 12) and **DENIES** Hyoung Wan Noh's Motion to Consolidate Related Actions and for Appointment as Lead

Plaintiff and Approval of Counsel (Doc. No. 10). Ms. Wu's choice of lead counsel and liaison counsel are hereby **APPOINTED**.

**SIGNED this 21st day of September, 2015.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE